By the Court.
This is an original action in mandamus, in which the relator prays for an order of this court against the Superintendent of Insurance of the State of Ohio, for a certificate of authority authorizing the relator, an Indiana corporation, to do certain insurance business in Ohio, *264 in the capacity of a “reciprocal” insurance company, under and pursuant to the statutes of Ohio so made and provided.
It is conceded that this extraordinary writ should not issue unless the relator establishes its clear legal right to the writ, upon the facts pleaded and proved or admitted.
It is conceded that the defendant must have failed or refused to perform some legal duty that he owed to the relator, or the public, under Section 12283, General Code, which reads:
“Mandamus is a writ issued, in the name of the state, to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
Does the writ sought in this case apply to “an act which the law specially enjoins as a duty” upon the Superintendent of Insurance, the defendant? The defendant, his powers and duties are the creation of the statutes of the state. We must therefore look to the statutes to determine whether or not such ■ superintendent has failed or ' refused to perform some act pleaded, “specially enjoined” upon him.
It is conceded that the section relating to reciprocal insurance companies in Ohio, so far as the questions here involved are concerned, is Section 9556-1, General Code, which reads:
“Individuals, partnerships and corporations of this state, herein designated subscribers, are authorized to exchange reciprocal or inter-insurance contracts with each other, and with individuals, *265 partnerships and corporations of other states, districts, provinces and countries, providing indemnity among themselves from any loss which may be insured against by any fire insurance company or association under other provisions of the law. Such contracts and the exchange thereof and such subscribers, their attorneys and representatives shall be regulated by this act [G. C. §§ 9556-1 to 9556-13] and by no other insurance law unless such law is referred to in this act, and no law hereafter enacted shall apply to them, unless they be expressly designated therein.”
It is quite evident that the foregoing section relates only to a fire insurance company, so far as “reciprocal” insurance is concerned. It must be conceded that the relator is not writing fire insurance as such, and therefore is clearly not within Section 9556-1.
It is claimed, however, that Section 9607-2, General Code, as enacted in 1917, especially subsection 4, clearly authorizes such public liability insurance on the part of the relator. Subsection 4 reads:
“4. Automobile Insurance. Against loss, expense and liability resulting from the ownership, maintenance or use of any automobile or other vehicle, provided no policies shall be issued under this subsection against the'hazard of fire alone.”
This section is a part of the chapter dealing with “mutual fire insurance companies.” It is difficult to comprehend how it can be stretched to include the relator. But nowhere in said subsection 4, or in cognate sections, is there any duty enjoined as to *266 “reciprocal” companies of the nature and character of the relator.
The presence of the word “reciprocal” in the section dealing with fire insurance companies, to-wit, Section 9556-1, is significant and controlling as to such fire insurance. Its absence in reference to subsection 4 of Section 9607-2 is equally significant as indicating a contrary purpose on the part of the legislature. The expression through the word “reciprocal” of the right of reciprocity, as to fire insurance, clearly excludes the right of reciprocity as to all other insurance, unless expressly and “especially designated therein.” There is no such provision. The use of the word “reciprocal” in the first instance, and refusal to use it. in the second, should leave no doubt as to the legislative intent.
the, relator has clearly failed to establish its clear legal right to any order of this court under the pleadings in the case. If there is any defect in the law, the appeal must be made to the legislature, and not to this court.
The demurrer filed by the defendant to relator’s petition is this case is- hereby sustained, and it appearing that the relator does not desire to further plead, the writ is denied and final judgment is entered for the defendant.

Writ denied.

Johnson, Hough, Wanamaker, Robinson and Jones, JJ., concur.